UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DEBORA POO SOTO,

                                                     Plaintiff,

-against-

THE CITY OF NEW YORK, New York City Police Department ("NYPD") Lieutenant STEPHEN LATALARDO, Officers LAZAR SIMUNOVIC, JOHN BAIERA, and JOHN DOES 1 through 5 (the names "John Doe" being fictitious, as the true names and shield numbers are not presently known), in their individual capacities,

                                                    Defendants.

------------------------------------------------------------------------x

**PROPOSED JOINT PRE-TRIAL ORDER**

13 Civ. 8474 (KBF)(JLC)

Pursuant to the Court's Individual Rules and Practices for Civil Cases, the parties submit the following proposed Joint Pretrial Order:

    i.    **Full Caption of Action.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

DEBORA POO SOTO,

                                                    Plaintiff,    13 Civ. 8474 (KBF)

-against-

Lieutenant STEPHEN LATALARDO, Police Officer JOHN BAIERA,

                                                    Defendants.

------------------------------------------------------------------------x

ii. <u>**Contact Information of Trial Counsel.**</u>

| **Plaintiff** | **Defendant** |
|---|---|
| LAW OFFICE OF REBECCA HEINEGG | ZACHARY W. CARTER |
| Rebecca M. Heinegg | CORPORATION COUNSEL OF THE CITY OF NEW YORK |
| Meghan D. Maurus | Joy T. Anakhu, Senior Counsel |
| 277 Broadway, Suite 1501 | Brachah Goykadosh, Assistant Corporation Counsel |
| New York, New York 10007 | 100 Church Street |
| (212) 227-2303 | New York, New York 10007 |
| (212) 320-0230 (fax) | (212) 356-3523 |
| rebecca@kunstlerlaw.net | (212) 356-1148 (fax) |
| mm@mauruslaw.com | janakhu@law.nyc.gov |
| | bgoykado@law.nyc.gov |

iii. <u>**Number of Trial Days Requested.**</u>

The parties anticipate that any trial will last approximately two days.

iv. <u>**Jointly Agreed Stipulations or Statements of Fact or Law.**</u>

The parties have not agreed to any stipulations of fact or law at this time.

v. <u>**Statement of Witnesses' Testimony.**</u>

The parties both intend to offer testimony from the following witnesses in their case in chief:

- **Defendant Stephen Latalardo** (in person).
    - Plaintiff estimates her examination will last approximately two hours.
    - Defendants estimate that their direct examination will last approximately one hour and fifteen minutes.

- **Defendant John Baiera** (in person).
    - Plaintiff estimates her examination will last approximately one half hour.
    - Defendants estimate that their direct examination will last approximately one hour and fifteen minutes.

- **Police Officer Lazar Simonovic** (in person).
    - Plaintiff estimates her examination will last approximately one half hour.
    - Defendants estimate that their direct examination will last approximately thirty minutes.

Plaintiff intends to offer the following testimony as part of her case in chief:[1]

- **Plaintiff Debora Poo Soto** (in person).
    - Plaintiff estimates her examination will last approximately two and one half hours.
    - Defendants estimate that their cross examination will last approximately two hours and thirty minutes.

Defendants also may offer testimony from the following witnesses:

- **Police Officer Eugene Lang** (in person). [2,3]
    - Defendants estimate that any examination will last approximately fifteen minutes.

- **Police Officer Faver** (in person). [4]
    - Defendants estimate that any examination will last approximately fifteen minutes.

vi.  **Deposition Designations.**

The parties do not intend to offer any deposition testimony in their case in chief.

Plaintiff reserves the right to offer the deposition testimony of any of the witnesses for the purposes of impeachment, or any other lawful purpose, at trial.

Defendants reserve the right to use any deposition transcript for any lawful purpose at trial should the need arise.

vii.  **Exhibits.**

| Exhibit Number | Brief Description of Exhibit | Basis & Legal Support for Objections to Exhibit | Offering Party's Response to Any Objections |
|---|---|---|---|
| Plaintiff's Ex. 1 | Demonstrative map of the | Fed. R. Evid. 402 | This is a |

---

[1] Defendants reserve the right to call any of plaintiff's witnesses at trial.

[2] The testimony of Police Officers Lang and Faver is being offered to authenticate impeachment materials only, if necessary. If these witnesses are unavailable, defendants reserve the right to call another member of service to authenticate those impeachment materials.

[3] Plaintiff objects to the inclusion of this witness, who was never disclosed pursuant to Fed. R. Civ. P, 26, and is now being offered to authenticate unspecified materials.

[4] Plaintiff objects to the inclusion of this witness, who was never disclosed pursuant to Fed. R. Civ. P, 26, and is now being offered to authenticate unspecified materials.

|  | | | |
|---|---|---|---|
|  | location of plaintiff's arrest | (relevance), Fed. R. Evid. 403 (confusing the issues, wasting time, needlessly presenting cumulative evidence), Fed. R. Evid. 901 (authenticity) Fed. R. Civ. P. 26(a)(1)(A)(ii) (not disclosed in discovery); Fed. R. Civ. P. (c)(1) (failure to disclose) | demonstrative exhibit, *see, e.g., Chen-Oster v. Goldman, Sachs & Co.*, 114 F. Supp. 3d 110, 130 (S.D.N.Y. 2015) ("a demonstrative exhibit… has no probative value apart from the underlying evidence on which it is based. As such, it does not fit comfortably within the disclosure requirements of Rule 26(a)(1)(A)(ii), since it would not normally exist at the outset of the case. And, to the extent that the [opposing parties] argue that the exhibit is misleading, this is a contention that may be considered in connection with its weight rather than its admissibility"). |
| Plaintiff's Ex. 2 | Relevant portions of video bearing Bates numbers P059 - 60, and stills from the same | Fed. R. Evid. 402 (relevance), Fed. R. Evid. 403 (confusing the issues, wasting time, needlessly presenting cumulative evidence), Fed. R. Evid. 901 (authenticity); Defendants also respectfully refer the Court to their supplemental motions *in limine* for what portions of the | Please see Plaintiff's statements regarding video in her motion *in limine* and response. |

4

| | | video are relevant. See Docket Entry No. 173 | |
|---|---|---|---|
| Plaintiff's Ex. 3 | Photographs of location of plaintiff's arrest | Fed. R. Evid. 402 (relevance), Fed. R. Evid. 403 (confusing the issues, wasting time, needlessly presenting cumulative evidence), Fed. R. Evid. 901 (authenticity) Fed. R. Civ. P. 26(a)(1)(A)(ii) (not disclosed in discovery); Fed. R. Civ. P. (c)(1) (failure to disclose) | This is a demonstrative exhibit, see, e.g., Chen-Oster v. Goldman, Sachs & Co., 114 F. Supp. 3d 110, 130 (S.D.N.Y. 2015) |
| Defendants' Exhibit A[5] | Relevant portions of video produced by plaintiff bearing Bates stamp Nos. P59 to P60 and stills from same video | Plaintiff objects to the extent that defendants seek to introduce video from any time and location other than that of plaintiff's arrest pursuant to Fed. R. Evid. 402 (relevance), Fed. R. Evid. 403 (confusing the issues, wasting time, needlessly presenting cumulative evidence), Fed. R. Evid. 901 (authenticity). See Docket Entry No. 174 and 175. | Defendants respectfully refer the Court to their supplemental motions *in limine* and letter dated March 1, 2018 for the portions of the video that they intend to introduce and the relevance of those portions. (See Docket Entry Nos. 173 and 176) |

---

[5] Defendants reserve the right to offer any of plaintiff's exhibits at trial.

|  |  |
|---|---|
| _____<br>Rebecca Heinegg, Esq.<br>277 Broadway, Suite 1501<br>New York, New York 10007<br>*Attorney for Plaintiff* | **ZACHARY W. CARTER**<br>Corporation Counsel of the City of New York<br>*Attorney for Defendants*<br>100 Church Street<br>New York, New York 10007<br>(212) 356-3523<br><br>By: _____<br>Brachah Goykadosh<br>*Assistant Corporation Counsel*<br>Special Federal Litigation Division |

**SO ORDERED.**

_____
HON. KATHERINE B. FORREST, U.S.D.J.

Dated: New York, New York
          _____, 2018